UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| WISH I LLC, | ) | Bankruptcy No. 10-13076 |
| Debtor. | ) | |
| IN RE: | ) | |
| DAVID ERNEST WISH, | ) | Bankruptcy No. 09-13623 |
| Debtor. | ) | |
| WISH I LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 10-469 |
| FIFTH THIRD BANK (CHICAGO), | ) | |
| Defendant. | ) | |
| DAVID ERNEST WISH, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 10-468 |
| FIFTH THIRD BANK (CHICAGO), | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION ON FIFTH THIRD BANK'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

This is the second Chapter 11 bankruptcy of the Debtor, Wish I LLC, an entity that runs two apartment buildings in Chicago. The first case (No. 09-B-40340) ended on March 11, 2010, when, after a full evidentiary hearing, Fifth Third Bank's (the "Bank") motion for relief from stay in that case was granted and the case was dismissed on motion of the United States Trustee.

After that case was dismissed, the Bank moved quickly to enforce its rights in its collateral. On March 16, 2010, the Debtor's two buildings were sold at a foreclosure sale, and on

1

April 5, 2010, the personal residence of the Debtor's principal was sold at another foreclosure sale. However, the Debtor filed this case on March 25, 2010, before those sales could be confirmed in state court. The Bank moved for relief from stay four days later, the parties fully briefed the Bank's motion, and an evidentiary hearing was set for May 4, 2010. Meanwhile, the Debtor filed an Adversary proceeding (No. 10-A-469) seeking to enjoin the Bank from proceeding with its foreclosure on the principal's personal residence, and moved therein for a temporary restraining order. The Debtor's principal, who was in his own Chapter 11 bankruptcy case (No. 09-B-13623), filed a similar Adversary complaint (No. 10-A-468) and Motion for Temporary Restraining Order.

For reasons stated herein, the bank's motion was granted at a continued hearing date on May 10, 2010. For those same reasons, the Motions for Temporary Restraining Orders filed in the Adversary proceedings of the Debtor and its principal will now be dismissed by separate orders.

## DISCUSSION

Under Illinois mortgage foreclosure law, "once a judicial sale takes place, a potentially binding contract exists that may not be enforced until confirmed by the court." *Colon v. Option One Mortgage Corp.*, 319 F.3d 912, 921 (7th Cir. 2003). Therefore, a debtor has no rights remaining in such a property that might be protected in bankruptcy and cannot cure any defaults on any mortgage on the property. *Id.* While *Colon* presented this question in the context of an individual Chapter 13 case, its discussion of Illinois law is equally applicable in Chapter 11 cases. *In re Herbstrith*, No. 02-75240, 2003 WL 1903261 (Bankr. C.D. Ill. Apr. 14, 2003); *see*

*also In re DeSeno*, 17 F.3d 642, 643–44 (3d Cir. 1994) (debtor's right to cure a default on a mortgage in both Chapter 11 and Chapter 13 is determined under state law).

In this case, the two apartment buildings were sold at a judicial foreclosure sale on March 16, 2010, nine days before the Debtor filed this bankruptcy case. The personal residence of the Debtor's principal was sold at a judicial foreclosure sale on April 5, 2010, after the Bank obtained stay relief in the principal's personal bankruptcy case. It does not matter that the sales have not yet been confirmed. The Debtor and its principal have already lost their rights to cure any defaults on the Bank's mortgage, and there is no property interest to protect in this bankruptcy case.

## CONCLUSION

For reasons stated herein, the Bank's Motion for Relief from Stay was granted at the hearing on that Motion on May 10, 2010. For those same reasons, the Motions for Temporary Restraining Orders filed in the Adversary proceedings of the Debtor and its principal will now be dismissed by separate orders.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 18th day of May, 2010.

3